UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGEL VAZQUEZ,

                Plaintiff,

- against -

CLASSIC CRUISERS, CLASSIC TOURS and
JOSEPH ONOFRIETTI,

                Defendants.

---

Docket No.: 07 CIV 6239 (VM)(JCF)

**VERIFIED ANSWER**

Defendants, CLASSIC CRUISERS, CLASSIC TOURS and JOSEPH ONOFRIETTI, by their attorneys, CARFORA KLAR GALLO VITUCCI PINTER & COGAN, answering the Verified Complaint of the plaintiff, respectfully state and allege upon information and belief as follows:

1. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs of the Verified Complaint numbered "1", "10", "11" and "16".

2. Deny each and every allegation contained in paragraphs of the Verified Complaint numbered "3", "6", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30" and "31".

3. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs of the Verified Complaint numbered "5", "8", "12" and "15" except respectfully refers all questions of law to the Honorable Court at the time of trial of this matter.

4. Deny each and every allegation contained in paragraph of the Verified Complaint numbered "9" except respectfully refers all questions of law to the Honorable Court at the time of trial of this matter.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. That any injuries and/or damages sustained by the plaintiff, as alleged in the Verified Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of said plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of these answering defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. Any damages which may have been sustained by the plaintiff were contributed to in whole or in part by the culpable conduct of third parties not under the control of these defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. Pursuant to Federal Rules, if it be determined or established that plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security ACT), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the plaintiff), then and in that event answering defendants hereby plead in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the plaintiff for

2

such benefits for the two year period immediately proceeding the accrual of this action and minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits and as otherwise provided in Federal Rules.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8. This action is a nullity in that the Summons and Verified Complaint have not been filed with the Clerk of the Court pursuant to CPLR Section 304.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9. A. The accident described in the Verified Complaint did not result in a "serious injury" to the plaintiff so defined in and by Section 5102 (d) of the Insurance Law of the State of New York. By reason of the premises in Section 5104 of the Insurance Law of the State of New York, plaintiff has no right to institute, maintain or prosecute this action and is barred from doing so.

B. The plaintiff did not sustain serious injury as defined by Section 5102 (d) of the Insurance Law of the State of New York, and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10. If the plaintiff was not wearing seatbelts at the time of the accident, answering defendants plead the failure to wear same, or to wear same properly, in mitigation of damages.

**WHEREFORE**, defendants demand judgment dismissing the Verified Complaint, together with attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
       July 31, 2007

                              Yours etc.,

                              CARFORA KLAR GALLO VITUCCI
                              PINTER & COGAN

By:   MATTHEW P. LEVY, ESQ. (MPL-1522)
       *Attorneys for Defendants*
       185 Madison Avenue, 12th Floor
       New York, New York 10016
       (212) 683-7100
       File No.: LA-2007-9

To:

THE YANKOWITZ LAW FIRM, P.C.
*Attorneys for Plaintiff*
175 East Shore Road
Great Neck, New York 11023
(516) 622-6200
File No: 6716-06

4

## ATTORNEY VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK  )

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is a member with the firm of Carfora Klar Gallo Vitucci Pinter & Cogan, attorneys for defendants CLASSIC CRUISERS, CLASSIC TOURS and JOSEPH ONOFRIETTI.

That he has read the foregoing instrument and knows the contents thereof, and, that the same is true to the knowledge of your deponent, except as to those matters therein alleged on information and belief, and that as to those matters he believes them to be true.

That the reason why this verification is made by your deponent and not by the defendants is that said parties reside outside the county your deponent maintains his offices.

That the source of your deponent's information and the grounds of his belief as to all matters therein alleged upon information and belief are reports from and communications had with said parties.

Dated: New York, New York
       July 31, 2007

_____
MATTHEW P. LEVY

5

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

The undersigned being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in the County of Richmond. That on the 1st day of August, 2007, she served the within **VERIFIED ANSWER** upon:

THE YANKOWITZ LAW FIRM, P.C.
*Attorneys for Plaintiff*
175 East Shore Road
Great Neck, New York 11023

via regular mail by depositing a true copy of same securely enclosed in a post paid wrapper in an official depository under the exclusive care and custody of United States Postal Service within the City and State of New York.

Shamilla Ali

Sworn to before me this
1st day of August 2007

MARIA ANTONIA GALATI
Notary Public, State of New York
No. 01GA4749899
Qualified in Richmond County
Commission Expires July 31, 2009

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOCKET NO.: 07 CIV 6239

---

ANGEL VAZQUEZ,

                            Plaintiff,

- against -

CLASSIC CRUISERS, CLASSIC TOURS and
JOSEPH ONOFRIETTI,

                            Defendants.

---

## VERIFIED ANSWER

---

CARFORA KLAR GALLO VITUCCI PINTER & COGAN
*Attorneys for Defendants*
185 Madison Avenue, 12th Floor
New York, New York 10016
Tel: (212) 683-7100
Fax: (212) 683-5555
**File No.: LA-2007-9**